IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| IGNATIO FIGUEROA and<br>CARLOS NAVARRO,<br><br>                Plaintiffs,<br><br>   v.<br><br>TYSON FOODS, Inc.,<br><br>                Defendant. | 8:06CV748<br><br>MEMORANDUM AND ORDER |

This matter is before the court on a motion to dismiss for insufficiency of service of process, pursuant Fed. R. Civ. P. 12(b)(5), filed by Tyson Foods, Inc. ("Tyson Foods"), Filing No. 15. This is an action for discrimination in employment and for civil rights violations.

I. BACKGROUND

Tyson Foods asserts that plaintiffs have failed to properly effect service within the time prescribed by Fed. R. Civ. P. 4(m) or within the time ordered by the court. It further asserts that plaintiffs' attempt to serve the complaint is insufficient for the reason that it is not the proper party defendant. It contends that the plaintiffs were employed by Tyson Fresh Meats, Inc. ("Tyson Fresh Meats"), and not Tyson Foods, and argues that Tyson Foods does not have sufficient minimum contacts with Nebraska to justify personal jurisdiction. In support of its motion, it submits an affidavit stating that the person on whom the complaint was served is not a registered agent, officer or director of Tyson Foods and is not authorized to receive service of process.

This action was filed in December 2006. Filing No. 1. The record shows that plaintiffs' original counsel filed a motion to withdraw on February 27, 2007. In view of the pending motion to withdraw, this court granted two extensions of time in which to effect service, the latest extending to May 22, 2007. Filing Nos. 4 & 6. Filing No. 6. Counsel was granted leave to withdraw on April 13, 2007. Filing No. 7. Plaintiffs then proceeded *pro se* until attorney Jerome Okolo entered an appearance as counsel for plaintiffs on July 5, 2007. Filing No. 10. Contemporaneously with counsel's appearance, plaintiffs requested and received a summons directed to Shelley Harbison at Tyson Foods, Inc., Filing No. 11. Shelley Harbison is employed in the Employment Compliance/EEO Administration Department. *See* Filing No. 17, Index of Evid., Ex. 1, Declaration of Paul T. Kirchner ("Kirchner Decl.") at 1. No return of service has been filed. The defendant moved to dismiss on July 30, 2007.

The evidence shows that the plaintiffs made several unsuccessful attempts to secure counsel after their attorney withdrew. *See* Filing No. 21, Plaintiffs Response. The plaintiffs attempted to effect service shortly after they were able to retain counsel. *Id.* The evidence also shows that a mail clerk signed for the certified letter directed to Shelly Harbison at Tyson headquarters in Arkansas. See Filing No. 17, Index of Evid., Ex. 1. Declaration of Paul T. Kirchner at 1. The certified mailing included a summons and a copy of the complaint. *Id.* The record also shows that Tyson Foods was involved in proceedings before the EEOC in this case. Filing No. 1, Complaint, Exs. A, Figueroa Dismissal and Notice of Rights, Ex. B, Dismissal and Notice of Rights ("right-to-sue letters"). The EEOC dismissed the plaintiffs' charges of discrimination and notified them of their right to file a federal lawsuit on September 11, 2006. *Id.* Notations on the right-to-

2

sue letters indicate that copies were sent to an EEO specialist at Tyson Foods, Inc., in Springdale, Arkansas. *Id.* The summons in this case was issued to an individual at the same address in Springdale, Arkansas. Filing No. 11.

II. DISCUSSION

Under the Federal Rules of Civil Procedure, "[i]f a defendant is not served within 120 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time." Fed. R. Civ. P. 4(m). However, "if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period." *Id.* A 1993 amendment to Rule 4 "increase[d] a district court's discretion to extend the 120-day time period by authorizing the court 'to relieve a plaintiff of the consequences of an application of this subdivision even if there is no good cause shown.'" *Adams v. Allied Signal Gen. Aviation Avionics,* 74 F.3d 882, 886 (8th Cir. 1996) (*quoting* Rule 4 Advisory Committee Notes (1993)). Thus, under Rule 4(m), the court is required to extend the time for service on a showing of good cause, but has the discretion to extend the time, rather than dismiss the case without prejudice, even in the absence of such a showing. *See id.* (stating "[d]ismissal is not invariably required where service is ineffective: under such circumstances, the district court has discretion to either dismiss the action, or quash service but retain the case").

The 1993 amendments to Rule 4(m) give courts greater leeway to preserve meritorious lawsuits despite untimely service of process. *Efaw v. Williams,* 473 F.3d 1038, 1042 (9th Cir. 2007). Moreover, a court may retroactively grant such an extension after the 120-day period has expired. *Id.; United States v. McLaughlin,* 470 F.3d 698, 701 (7th

Cir. 2006) (stating "[w]hen delay in service causes zero prejudice to the defendant or third parties (or the court itself), the granting of extensions of time for service, whether before or after the 120-day period has expired, cannot be an abuse of discretion").

There is a "well-recognized distinction between a complaint that sues the wrong party, and a complaint that sues the right party by the wrong name." *Roberts v. Michaels*, 219 F.3d 775, 778 (8th Cir. 2000) (explaining misnomer principle). This misnomer principle is most obviously appropriate in cases where the plaintiff has sued a corporation but misnamed it and it has also "been applied more broadly, for example, to complaints that named . . . a parent corporation instead of a subsidiary. . . ." *Id.* "If a plaintiff has named and served the wrong defendant, or has named and served the right defendant by the wrong name (a true misnomer situation), the decision whether to dismiss the complaint without prejudice under Rule 4(m), or to grant the plaintiff leave to amend, is critical when . . . the statute of limitations expired after the filing of the original complaint." *Id.; see also* Rule 4(m) Advisory Committee Notes (1993) (stating that such relief "may be justified, for example, if the applicable statute of limitations would bar the refiled action").

The traditional misnomer principle is reflected in the current Federal Rules of Civil Procedure in both Rule 4(a), which gives the district court discretion to amend a summons, and, "more importantly, in Rule 15(c)(3), which provides for relation-back of amendments."[1] *Id.* Relief under Rule 15(c)(3) is appropriate where the defendant has received actual

---

[1] That rule provides for relation back to the date of the original pleading with respect to a newly named party if the claim involves the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading; and if, within the period provided by Rule 4(m) for service of the summons and complaint, the party to be brought in by amendment received such notice of the institution of the action that it will not be prejudiced in defending on the merits, and knew or should have known that the action would have been brought against it, but for a mistake concerning the identity of the proper party. *See* Fed. R. Civ. P. 15(c)(3).

notice of the suit and the plaintiff seeks leave to amend to serve the proper corporate defendant promptly after it becomes aware of the problem. *Id.* When a defendant "has had notice from the beginning that the plaintiff sets up and is trying to enforce a claim against it because of specified conduct, a liberal rule should be applied. *Goodman v. Praxair, Inc.,* — F.3d —, —, 2007 WL 2121724, *13-14 (4th Cir. July 25, 2007) (noting identity of interests between parent and wholly-owned subsidiary corporations and concluding that "when a plaintiff alleges a comprehensible claim against one of a group of closely related and functioning business entities or corporations, the other entities in that group, barring a contrary showing, will be charged with knowledge under Rule 15(c)(3)(B) of the entity properly answerable to the claim).

III.  ANALYSIS

In the present case, by reason of its prior participation in the EEOC proceeding, the defendant knew or should have known that, but for a mistake concerning the identity of the proper party, the action would have been brought against it. The standards for invoking the traditional misnomer principle have been satisfied in this case. Defendant has not shown that it would be prejudiced in defending on the merits.

Alternatively, the court finds that plaintiffs have shown good cause for an extension of time to effect service under Fed. R. Civ. P. 4(m). Even without such a showing, the court would find it appropriate, in its discretion, to grant an extension of time to properly effect service.[2]

---

[2]The defendant's assertions with respect to personal jurisdiction are not properly raised in a Fed. R. Civ. P. 12(b)(5) motion and may be nevertheless be rendered moot by an amended pleading. The court will not address those arguments.

Accordingly, the court finds that the defendant's motion to dismiss should be denied and the plaintiff should be granted leave to amend its pleadings and/or summons to name the proper defendant.  Accordingly,

IT IS ORDERED:

1.  Defendant's motion to dismiss for failure to properly serve is denied.

2.   Plaintiffs are granted 30 additional days to in which to amend pleadings under Fed. R. Civ. P. 15(c)(3), or to serve process or perfect service under Fed. R. Civ. P. 4.

DATED this 4th day of September, 2007.

BY THE COURT:


s/ Joseph F. Bataillon
Chief United States District Judge