IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| IGNATIO FIGUEROA, | ) | 8:06CV748 |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **MEMORANDUM** |
| | ) | **AND ORDER** |
| TYSON FRESH MEATS, Inc., | ) | |
| | ) | |
| Defendant. | ) | |

This matter is before the court on Defendant's Motion for Sanctions. (Filing No. 68.) For the following reasons, Defendant's Motion is granted in part.

## I. BACKGROUND

On December 8, 2006, Plaintiff Ignatio Figueroa, acting through counsel, filed a Complaint alleging that he suffered retaliation and employment discrimination by Defendant because Plaintiff is Hispanic. (Filing No. 1.) After changing counsel, Plaintiff filed an Amended Complaint generally asserting similar claims. (Filing No. 29.)

On February 8, 2008, United States Magistrate Judge Thomas Thalken entered an Order Setting Final Schedule for Progression of Case. (Filing No. 43.) This order provides, among other things, that all depositions were to be completed by June 27, 2008; that motions to compel discovery were to be filed by June 12, 2008; that summary judgment motions were to be filed by July 31, 2008; and that the Final Pretrial Conference would take place on December 19, 2008. (*Id.*) The parties sought extensions of the deadlines for completing depositions and filing motions for summary judgment on four different occasions. (Filing Nos. 48, 51, 53 and 57.) The final deadline for completion of depositions was September 10, 2008 and the final

summary judgment deadline was October 2, 2008. (Filing No. 58, text-only order.)

On September 19, 2008, Defendant filed its Motion for Sanctions. (Filing No. 68.) The Motion argues that this matter should be dismissed due to Plaintiff's failure to appear at his deposition. (*Id.*) Defendant states that from May through September 2008, counsel for the parties worked to schedule Plaintiff's deposition. (Filing No. 70-2, Attach. 1, at CM/ECF pp. 1-2.) After Plaintiff changed counsel for the second time, the parties finally agreed that Plaintiff's deposition would occur on September 2, 2008, the Tuesday following the Labor Day holiday. (*Id.* at CM/ECF p. 2.) Approximately 10 days prior to the scheduled deposition, Defendant sent an email and left voicemails for Plaintiff's counsel regarding whether Plaintiff required an interpreter for the September 2, 2008 deposition. (*Id.*) On Saturday, August 30, 2008, Plaintiff's counsel left a voicemail for Defendant's counsel indicating that an interpreter was necessary. (*Id.*) However, because it was a holiday weekend and because of the delay in requesting an interpreter, one could not be arranged. (*Id.*)

The parties worked together and rescheduled Plaintiff's deposition for September 8, 2008. (*Id.*) However, on September 8, 2008, neither Plaintiff nor his counsel appeared for the scheduled deposition. (*Id.*) After waiting approximately 20 minutes, Defendant's counsel reached Plaintiff's counsel by telephone. (*Id.* at CM/ECF p. 3.) Plaintiff's counsel stated that neither he nor Plaintiff would appear for the deposition and that "he and Plaintiff had some unresolved issues." (*Id.*) On that same date, Plaintiff's counsel sought leave to withdraw as counsel which was granted by the court on September 10, 2008. (Filing Nos. 60 and 64.) Since the withdrawal of counsel, Plaintiff has not filed a single document and did not respond to the Motion for Sanctions. (*See* Docket Sheet.)

Defendant argues that, due to Plaintiff's failure to appear at his deposition, this case must be dismissed pursuant to Federal Rules of Civil Procedure 37(d). (Filing No. 69.) Moreover, Defendant claims that it should be awarded reasonable expenses for the deposition, including the costs of a stenographer, a videographer, an

interpreter, and attorney's fees. (*Id.* at CM/ECF p. 4.) The total amount sought by Defendant for these expenses is $1,700.00. (*Id.* at CM/ECF p. 5.)

## II.  ANALYSIS

Federal Rule of Civil Procedure 37(d)(1)(A)(i) provides that a court may, on motion, order sanctions if a party "fails, after being served with proper notice, to appear for that person's deposition." Sanctions may include:

(i)  directing that . . . designated facts be taken as established for the purposes of the action, as the prevailing party claims;

(ii)  prohibiting the disobedient party from supporting or opposing designated claims or defenses, or from introducing designated matters in evidence;

(iii)  striking pleadings in whole or in part;

(iv)  staying further proceedings until the order is obeyed;

(v)  dismissing the action or proceeding in whole or in part; [or]

(vi)  rendering a default judgment against the disobedient party . . . .

Fed. R. Civ. P. 37(b)(2)(A)(i)-(vi); *see also* Fed. R. Civ. P. 37(d)(3). "Instead of or in addition to these sanctions, the court must require the party failing to act . . . to pay the reasonable expenses, including attorney's fees, caused by the failure, unless the failure was substantially justified or other circumstances make an award of expenses unjust." Fed. R. Civ. P. 37(d)(3).

There is no indication that Plaintiff's failure to appear was substantially justified; nor has the court been made aware of circumstances that might make an award of expenses unjust. Therefore, Defendant will be permitted to apply for the

reasonable expenses and attorney's fees caused by Plaintiff's failure to attend his deposition. Defendant shall have until December 29, 2008 to file a properly-supported application for expenses and attorney's fees, and Plaintiff shall have until January 29, 2009 to file a response. Defendant's application should conform to the applicable Federal Rules of Civil Procedure and the court's Local Rules. *See, e.g.*, NECivR 54.3, 54.4.

It remains to be determined whether dismissal is an appropriate sanction in addition to an award of expenses and attorney's fees. On the one hand, Plaintiff has made scheduling his deposition very difficult and failed to appear at his deposition. Further, he has failed to respond to the Motion for Sanctions. (*See* Docket Sheet.) On the other hand, it is very apparent that Plaintiff and his counsel had "unresolved issues" and there is some question regarding whether Plaintiff's failure to cooperate and appear was his own fault or the fault of his counsel.

The court finds that dismissal is too extreme a sanction based on the record currently before the court. Nevertheless, there is reason to believe that Plaintiff is not prosecuting (and does not intend to prosecute) this action diligently. Therefore, Plaintiff will be ordered to show cause why his Amended Complaint should not be dismissed for failure to prosecute. *See* Fed. R. Civ. P. 41(b). *See also, e.g.*, *Tettaton v. Midwest Med. Assoc., Inc.*, No. 4:06CV1704 TIA, 2008 WL 480184, at *1 (E.D. Mo. Feb. 19, 2008). Plaintiff shall have until December 29, 2008 to file a sworn statement explaining why this case should not be dismissed for failure to prosecute and describing the discovery that Plaintiff has conducted to date, if any. Further proceedings in this case, with the exception of Defendant's application for expenses and attorney fees, will be stayed until Plaintiff satisfies the order to show cause, or until the deadline for him to do so passes. *See* Fed. R. Civ. P. 37(b)(2)(A)(iv). If Plaintiff fails to respond to the order to show cause, this action will be dismissed without prejudice and without further notice. *See* Federal Rule of Civil Procedure 41(b); *Tettaton*, 2008 WL 480184, at *1-2.

IT IS THEREFORE ORDERED that:

1. Defendant shall have until December 29, 2008 to file an application for attorney's fees and expenses caused by Plaintiff's failure to attend his deposition, and Plaintiff shall have until January 29, 2009 to file a response.

2. Plaintiff shall have until December 29, 2008 to show cause why this action should not be dismissed for failure to prosecute this matter diligently.

3. Further proceedings, with the exception of the resolution of any application for attorney's fees and expenses, shall be stayed until Plaintiff shows cause why this action should not be dismissed or until the deadline for him to comply with the show cause order passes.

4. Defendant's Motion for Sanctions (filing no. 68) is granted in part in accordance with this Memorandum and Order.

5. The Clerk of the court is directed to set a pro se case management deadline in this matter with the following text: December 29, 2008: check for application for fees and response to show cause and dismiss if none filed.

6. Defendant's Motion to Suspend Scheduling Order (filing no. 71) is granted. All previous deadlines are stayed until further order of the court.

November 25, 2008.   BY THE COURT:

                                        s/ Joseph F. Bataillon
                                        Chief United States District Judge