IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| IGNATIO FIGUEROA, | ) | 8:06CV748 |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **MEMORANDUM** |
| | ) | **AND ORDER** |
| TYSON FRESH MEATS, Inc., | ) | |
| | ) | |
| Defendant. | ) | |

     This matter is before the court on Defendant's Motion for Attorney Fees and Expenses. (Filing No. 80.) For the following reasons, Defendant's Motion is denied.

## I.   BACKGROUND

     On December 8, 2006, Plaintiff Ignatio Figueroa, acting through counsel, filed a Complaint alleging that he suffered retaliation and employment discrimination by Defendant because Plaintiff is Hispanic. (Filing No. 1.) After changing counsel, Plaintiff filed an Amended Complaint generally asserting similar claims. (Filing No. 29.)

     On September 19, 2008, Defendant filed a Motion for Sanctions. (Filing No. 68.) Among other things, the Motion argued that this matter should be dismissed due to Plaintiff's failure to appear at his deposition. (*Id.*) Plaintiff did not respond to the Motion for Sanctions, and the court therefore determined that, on the record before it at the time, "[t]here is no indication that Plaintiff's failure to appear was substantially justified; nor has the court been made aware of circumstances that might make an award of expenses unjust." (Filing No. 79.) However, the court noted that "there is some question regarding whether Plaintiff's failure to cooperate and appear was his own fault or the fault of his counsel," and permitted Defendant an opportunity to file its Motion for Attorney Fees and Expenses in accordance with Fed. R. Civ. P. 37(d)(3). (*Id.*) The court also permitted Plaintiff time to respond to the Motion for Attorney

Fees and Expenses, and Plaintiff filed a lengthy Response on January 23, 2009. (Filing No. 84.)[1]

In its Motion, Defendant seeks an award of attorney fees and expenses in the amount of $6,672.00.  According to Defendants, this amount consists of $6,045.00 in attorney time spent preparing for and attending Plaintiff's deposition, and in preparing the Motion for Sanctions.[2]  (Filing No. 80 at CM/ECF p. 2.)  The remaining amount sought is for stenographer, videographer, and interpreter fees.  (*Id.*)

In his Response, Plaintiff states that he appeared for his deposition on September 8, 2008.  (Filing No. 84 at CM/ECF p. 1.)  On that date, he arrived one hour prior to the start of the deposition to meet with his attorney.  At that time, Plaintiff's attorney told him that he would be required to pay him $1,000 "and other fees" for the deposition and that if Plaintiff failed to do so, he would not represent him at the deposition.  (*Id.*)  Plaintiff felt that his attorney was attempting to take advantage of him, refused to pay the requested sum, and asked his attorney to let "the court + Tyson lawyer" know that he was going to "let go of the case."  (*Id.*)  Plaintiff then signed a "statement" agreeing to his attorney's withdrawal from the case.  (*Id.* at CM/ECF p. 3.)  Later that day, Plaintiff's counsel filed a Joint Stipulation for Plaintiff's Attorney to Withdraw, signed by Plaintiff and his counsel.  (Filing No. 60.)

## II.   ANALYSIS

Federal Rule of Civil Procedure 37(d)(1)(A)(i) provides that a court may, on motion, order sanctions if a party "fails, after being served with proper notice, to

---

[1]Defendant misstates the court's November 25, 2008 Memorandum and Order.  In its Reply Brief, Defendant states that the court granted in part the Motion for Sanctions, "finding that Tyson was entitled to an award of costs and fees incurred as a result of the failed deposition."  (Filing No. 85 at CM/ECF pp. 2-3.)  While the court did grant the Motion for Sanctions in part, it did so only to the extent that it permitted Defendant to file its Motion for Attorney Fees and Expenses.

[2]Defendant's attorneys claim that they spent 3.3 hours preparing for and attending Plaintiff's deposition, for total fees of $957.00.  They also claim that they spent 18.2 hours preparing their Motion for Sanctions, for total fees of $5,088.00.

appear for that person's deposition."  The determination of sanctions under this rule is left to the discretion of the trial court, and may include a variety of sanctions such as striking pleadings or dismissal of the action in its entirety.  Fed. R. Civ. P. 37(b)(2)(A)(i)-(vi); Fed. R. Civ. P. 37(d)(3); *see also In re O'Brien*, 351 F.3d 832, 839 (8th Cir. 2003) (citing *Avionic Co. v. General Dynamics Corp.*, 957 F.2d 555, 558-59 (8th Cir. 1992)).  Additionally, a court must order the payment of "reasonable expenses, including attorney's fees, caused by the failure, unless the failure was substantially justified or other circumstances make an award of expenses unjust." Fed. R. Civ. P. 37(d)(3).

Plaintiff's Response shows that he appeared for his deposition one hour early, but after being told that he would be required to pay at least $1,000.00, he declined to proceed with the deposition.  He also requested that his attorney, who had not yet been granted leave to withdraw, inform Defendant's attorney that he would not appear and was planning to "let go of the case," which the court liberally construes to mean that he would no longer pursue his claims.  That his attorney failed to do so, and failed to do in a timely manner, is not Plaintiff's fault.  Indeed, had Plaintiff's attorney done what was asked, virtually all of the fees and expenses now sought by Defendant would have been avoided.  In light of the above explanation, the court finds that an award of attorney fees under these circumstances is not warranted.

IT IS THEREFORE ORDERED that:  Defendant's Motion for Attorney Fees and Expenses (filing no. 80) is denied.

July 28, 2009.                                    BY THE COURT:

                                                 s/ Joseph F. Bataillon
                                                 Chief United States District Judge

---

*This opinion may contain hyperlinks to other documents or Web sites.  The U.S. District Court for the District of Nebraska does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their Web sites.  Likewise, the court has no agreements with any of these third parties or their Web sites.  The court accepts no responsibility for the availability or functionality of any hyperlink.  Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the court.